IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**ANDREW NEILSON**,

    Plaintiff,

    v.

**WELLS FARGO BANK, NA, et al.**,

    Defendants.

No. CV 10-1516-MO

OPINION AND ORDER

**MOSMAN, J.**,

    On December 13, 2010, Andrew Neilson moved for a preliminary injunction [1, 4] to prevent the foreclosure of his home. The defendant financial institutions have moved for summary judgment [63] against Mr. Neilson's claims. Since both parties' motions can be answered by the same legal analysis, I answer them both here. Because Mr. Neilson has not shown a likelihood of success on the merits, his motion is denied. I grant the defendants' motion for summary judgment.

## LEGAL STANDARD

    For the preliminary injunction standard, see *Barker v. GMAC Mortgage, LLC.*, No 3:11-579-ST, slip op. at 1 (D. Or. Aug. 2, 2011). I also address the defendants' motion for summary judgment here. Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

1 – OPINION AND ORDER

## DISCUSSION

Mr. Neilson fails under the first preliminary injunction test because he has not shown a likelihood of success on the merits. He fails the second test because he has not shown that serious questions are raised on the merits. In his complaint and motion for preliminary relief [1], Mr. Neilson makes three claims against the defendants, that: (1) Mortgage Electronic Registration Services, Inc. ("MERS") is not the beneficiary of the trust deed and thus has no right to assign the trust deed; (2) the defendants engaged in fraud, in that they made false or reckless representations with the intent to mislead Mr. Neilson and the court; and (3) defendants Wells Fargo Bank and Northwest Trustee Service, Inc. have violated the Real Estate Settlement Procedures Act ("RESPA").

Mr. Neilson first claims that MERS is not a proper beneficiary of the trust deed, and has no right to assign the trust deed. MERS is a proper beneficiary, as evidenced by the Deed of Trust, and has the right to exercise those steps necessary to recover the debt owed to the lender, so this argument fails. *Beyer v. Bank of Am.*, No. 3:10-523-MO, slip op. at 5 (D. Or. Aug. 1, 2011); Decl. of Pilar French [15] Ex. 1, 1-3. Next, Mr. Neilson claims that the defendants engaged in fraud, but these claims lack adequate details. Because these claims do not meet the specificity requirements of Federal Rule of Civil Procedure 9(b), they do not raise serious questions on the merits. *Barker*, No 3:11-579-ST, slip op. at 2. Lastly, Mr. Neilson claims that the defendants violated RESPA by failing to provide him "information regarding the owner of the note, documentation of ownership of the note and trust deed, and the role played by MERS in the underlying transaction." Pl.'s Compl. [1] 9. For the reasons stated in *Barker*, this argument fails as well. *Barker*, No. 3:11-579-ST, slip op. at 3.

## CONCLUSION

Because Mr. Barker has not shown a likelihood of success or raised serious questions on the merits, his motion for a preliminary injunction is DENIED. Because there is no genuine dispute as to any material fact, and I find that the defendants are entitled to judgment as a matter of law, the defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED.

DATED this   8th   day of August, 2011.

                                          /s/ Michael W. Mosman  
                                          MICHAEL W. MOSMAN  
                                          United States District Judge